PATURZO *v.* COMPAGNIE FRANCAISE, etc.[1]

*(District Court, S. D. New York.* June 8, 1887.)

1. SHIPPING—STOWAGE—NEGLIGENCE—MACARONI AND GREEN FRUIT.
   Under the existing state of knowledge, it is a want of due care of cargo for a vessel to stow macaroni and green fruit in the same compartment of the hold.
2. SAME—CUSTOM—"HEATING CARGO"—EXISTING STATE OF KNOWLEDGE.
   There is now no such general custom of stowing macaroni and green fruit together as to constitute a usage exempting the ship from the consequences of damage arising therefrom in the existing state of knowledge.
3. SAME—BILL OF LADING—EXCEPTION—"SWEAT"—NEGLIGENCE.
   The steam-ship B. delivered in the port of New York certain macaroni which had been damaged during the voyage by the fumes of heated and decaying green fruit, which had been stowed in the same compartment. The bills of lading excepted "damage from other goods by sweating or otherwise." *Held*, that, though the exception covered this damage, the vessel was liable for her negligence in stowing the two articles in the same compartment.

In Admiralty.
*C. S. Davison*, for libelant.
*Benedict, Taft & Benedict*, for claimants.

BROWN, J. In March, 1885, the steam-ship Britannia arrived in the port of New York, having on board 442 boxes of macaroni, consigned to the libelant. On delivery 126 boxes were found to be damaged, for which damage the above libel was filed. The evidence shows that the macaroni was stowed in the same compartment with green fruit, though separated from it some 15 feet by other dry articles. During a part of the voyage the hatches had to be kept closed on account of heavy weather. The fruit became heated and decayed, and its fumes penetrated and injured the macaroni. The bill of lading excepted "damage from other goods by sweating or otherwise." I think the vessel would be exempted from liability under this clause, if she were not chargeable with any negligence or want of due care for the macaroni in stowing it in the same compartment with the green fruit. The claimant's witnesses testify that it is

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

customary for the vessels of their line to stow macaroni and green fruit in the same compartment. They state, however, and it is now a well-known fact, that green fruit is specially a "heating cargo;" and, in case of any unexpected prolongation of the voyage, or of bad weather, interfering with constant ventilation, there is great danger of such heating and decay of the green fruit as to injure any other cargo stowed with it, and susceptible, like macaroni, to its influence.

Several of the libelant's witnesses show that stowing macaroni in the same compartment with green fruit is regarded as dangerous, and that, upon other lines running from the Mediterranean, such goods are not stowed in the same compartment. In my judgment, whatever the former practice may have been, when the carriage of green fruit was new, the liability of fruit to cause damage from heating, sweating, or decay, through the contingencies of the voyage, had become so well known at the time of the shipment of this cargo, in 1885, that the stowing of macaroni in the same compartment with green fruit was not an exercise of that reasonable care for the safety of the macaroni which was obligatory upon the vessel; that the practice of stowing them in the same compartment was not then so general as to constitute a usage to which the libelant's assent is to be presumed, so as to furnish a defense to the ship; and that the ship is consequently liable for improper stowage in not separating the two kinds of cargo in such a manner as the existing state of knowledge made obligatory. *Clark* v. *Barnwell*, 12 How. 272; *Mainwaring* v. *The Carrie Delap*, 1 Fed. Rep. 874; *The T. A. Goddard*, 12 Fed. Rep. 174, 177; *The Titania*, 19 Fed. Rep. 101.

Decree for the libelant, with costs.