## LAZARUS v. BARBER et al.

### (District Court, S. D. New York. October 1, 1903.)

1. SHIPPING—DAMAGE TO CARGO—NEGLIGENT STOWAGE.

    Charterers of a vessel *held* liable, on the ground of negligent stowage, for damage done to a cargo of goatskins caused by a leakage of brine from casks of citron, which, as shown by the evidence, usually leaked, and in close proximity to which the skins were stowed.

In Admiralty. Suit for damage to cargo.

Gifford, Stearns & Hobbs, for libellant.

Convers & Kirlin, for respondents.

ADAMS, District Judge. This is an action which was brought by the libellant, the purchaser of certain bills of lading, to recover damages sustained through some part of 280 bales of goatskins delivered in February, 1900, by the assignor of the libellant to the respondents' agents for shipment on the steamship Brand. The skins became wet with brine through alleged negligent stowage, in connection with some casks of citron on a voyage from Constantinople to New York. The respondents were the charterers of the steamship and, by their agents in Constantinople, gave the bills of lading in question for the skins, acknowledging their receipt in good order. It is undisputed that they were delivered in New York in bad order and the question to be determined is, whether the respondents are relieved from liability by the exceptions in the bills of lading, which provided, inter alia, that the carrier should not be liable for "any loss or damage arising from the nature of the goods * * * nor for any loss or damage caused by * * * decay, putrefaction * * * sweat * * * nor for any country damage."

The skins were stowed in the lower after hold of the steamship, in close proximity to some casks of citron. Some of the fruit was taken on board at Syra, about two weeks before the steamship reached Constantinople. Some of the skins were loaded at Salonica and some, afterwards, at Constantinople, the former being dry and the latter salted. The contention of the libellant is, that the damage came from leakage of the brine from the casks, which contained the citron. That of the respondents is, that some skins were in process of decay when loaded, and that the damage arose from causes falling within the exceptions in the bills of lading.

In my judgment, the evidence leaves no doubt that the injury was due to the brine escaping from the citron casks. Although the skins were not stowed under the casks, yet the proximity was such that when the casks leaked, as the evidence shows they usually do, and

did in this case, the skins, by reason of their absorbent qualities, became wet, heavy and affected to their detriment. There was an absence on the part of the respondents of the special care that they were required to exercise by reason of the character of the cargo and the libellant is entitled to recover. The Sabioncello, 7 Ben. 357, Fed. Cas. No. 12,198; Mainwaring v. The Carrie Delap (D. C.) 1 Fed. 874; Paturzo v. Compagnie Francaise (D. C.) 31 Fed. 611; Knott v. Botany Worsted Mills, 179 U. S. 69, 21 Sup. Ct. 30, 45 L. Ed. 90; Butterfield v. The Hudson (D. C.) 122 Fed. 96.

Decree for the libellant, with an order of reference.